IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

YVES AUBERT,

    Petitioner,

v.	Civil Action No. 3:24-CV-00926

LAURIE LEE POAST,	Judge James D. Peterson

    Respondent.

**RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO EXPEDITE & FOR ISSUANCE OF SHOW CAUSE ORDER**

Petitioner Yves Aubert's ("Petitioner") Motion to Expedite and Issuance of Show Cause Order should be denied. This case does not warrant an "expedited video or telephone scheduling conference" or "an expedited evidentiary hearing" and may instead proceed in the usual course with an in person scheduling conference where counsel appear can advise the Court of a realistic, proposed case schedule. (ECF No. 3 at 4). No evidence has been presented establishing a sufficient basis to grant the extraordinary relief in Petitioner's proposed order to show cause.

Respondent Laurie Lee Poast ("Respondent") was born and raised in Wisconsin. (ECF No. 1-2 at YA000016-17.) She and Petitioner met and lived here, when Petitioner was a student, in Wisconsin before following education and work opportunities abroad. Petitioner's apoplectic Motion and insinuation that Respondent is a flight risk and/or is difficult to find is absurd. Respondent is a fifty-year-old mother who is gainfully employed in this judicial district. (*Id.*) The minor children go to school and have friends here. Where exactly does Petitioner think Respondent might go? He never says because the facts contained in his Petition stated that Wisconsin is Respondent's familial home. Respondent and the minor children are survivors who came to Wisconsin with Petitioner's full knowledge. It is here that they are living, close to family and friends, while trying to pick up the pieces of their lives so they might heal from the physical and emotional abuse endured at Petitioner's hand.

For the reasons set forth below, Respondent respectfully requests that the Motion to Expedite and requested Show Cause Order be denied. In addition, and as Respondent will make via separate motion if desired by the Court, Respondent respectfully requests that the photographs of the minor children at ECF No. 1-2, pages 46 of 50 through 49 of 50 (YA000060-63), be sealed to protect the personal identity and interests of the minor children. *E.g.*, *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered

1

by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal.").

## BACKGROUND & PROCEDURAL HISTORY

Petitioner filed this case under the Convention on the Civil Aspects of International Child Abduction, specifically by and through The Hague on October 25, 1980 and the International Child Abductions Remedies Act, 22 U.S.C. § 9001 *et seq*. (herein the "Hague"). (ECF No. 1.)

On December 29, 2024, Petitioner lodged a two-count Petition in this Court, claiming that Respondent, the mother of the minor children, LPA and APA, wrongfully removed and abducted the minor children from Norway when she traveled with the minor children to Wisconsin in May 2024, nine months ago, where Respondent and the minors currently reside. (*Id*.) Petitioner seeks various provisional and emergency remedies, along with attorneys' fees and costs. (*Id.*, ECF No. 2–3.)

Petitioner immediately lodged a Motion to Expedite and Issuance of Show Cause Order ("Motion to Expedite") seeking jurisdictional prohibition of the minors and surrendering of their passports. (ECF No. 2-3.) On New Year's Day, January 1, 2025, Petitioner filed a Petition to Amend the Scheduling Order. (ECF No. 6.) Respondent has now appeared through counsel and will be defending against the relief requested.

## ARGUMENT

**I.     Petitioner's Request to Expedite Proceedings Should Be Denied Because It Prohibits Respondent from Adequately Defending Against Petitioner's Hague Claims.**

Petitioner's Motion seeks to prohibit Respondent from developing her defenses against this Hague claim, which is a miscarriage of justice. Under the Federal Rules of Civil Procedure and principals of due process, Respondent should have the time necessary for motion practice,

2

responsive pleadings, and discovery, including affirmative defenses, interrogatories, production, depositions, subpoenas and expert retention.  Petitioner's Motion further seeks to limit the development of affirmative defenses such as the grave risk defense – sending a minor back to a dangerous and abusive situation – or the mature child defense, as these are fact-intensive defenses requiring significant discovery.

The Hague Convention is a multilateral treaty that governs the wrongful removal and retention of children from their country of habitual residence.  22 U.S.C. § 9001(a).  While the Hague Convention emphasizes the need for prompt adjudication, it is not a rigid nor necessary requirement, as the Court must also consider and allow time needed for proper pleadings briefing and discovery processes, such as the complex international taking and transmitting of evidence, depositions, interrogatories, subpoenas, expert witnesses, and dispositive motions.  *See* Fed. R. Civ. P. 12, 26, 33, 34, 45 and 56.  Beyond these rules, federal courts have broad discretion in controlling their dockets which is inclusive of dates, deadlines, procedures, and discovery.  *See Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013).

Here, Petitioner seeks a unilateral expedited schedule for an "aspirational goal of six weeks for the determination of the merits" for his Hague claims.  (ECF No. 3, ¶ 3-4).  However, Petitioner's claim of urgency is in essence to shield him from any potential dismissal from the outset, inclusive of both an unresolved standing issue and a failure to state a claim.  Petitioner's Motion fails to even recognize that prior to any scheduling order setting forth procedures, the Court must consider whether Petitioner has standing to bring the Petition or has plead enough facts to support his claim.  *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6).

Based upon the Petition, Petitioner admits he *does not* have custody rights under Norwegian law as it relates to one of the minors of the Hague claim–APA.  (ECF No. 1, ¶ 6.)  To

3

establish a prima facie Hague case, a parent seeking the return of a child must establish: (1) the child was "habitually residing" in one state and was removed to a different state, both which recognize one another as having accession to the Hague; (2) **the removal was in breach of the petitioner's custody rights under the law of the state**; and (3) the petitioner was exercising those rights at the time of removal. *Baz v. Peterson*, 100 F. 4th 854, 865–66 (7th Cir. 2024) (citing *Redmond v. Redmond*, 724 F.3d 729, 737–38 (7th Cir. 2013)); 22 U.S.C. § 9003(e). In short, Petitioner's claim lacks standing because Petitioner's purported "rights of custody" to APA are not supported by Section 46 of the Children's Act, and thus, Petitioner cannot establish a prima facie case. This issue will need to be addressed in Respondent's responsive pleading, allowing for a proper briefing schedule, which cannot be resolved through an expedited schedule. Moreover, Petitioner's claims fail to state a claim upon which relief can be granted, because again, he has no rights under Section 46 of the Children's Act as it applies to APA. (ECF No. 1, ¶ 6.) This second dismissal basis also necessitates a proper briefing schedule and sufficient time for a ruling.

Putting aside an appropriate briefing schedule for responsive pleadings, while this case is in its infancy, Respondent intends to obtain additional information by and through discovery and retain experts to defend against Petitioner's Hague claims. As such, the Court also will have multiple affirmative defenses before it, including (1) the grave risk of sending the minor children back to a dangerous and abusive situation, and (2) the mature child objection, both of which necessitate a developed factual record upon which the Court must consider in issuing a decision.

In looking to the best interests of the minor, "the rendering court must satisfy itself that the children will in fact, and not just in legal theory, be protected if returned to their abuser's custody." *Van de Sande v. Van de Sande*, 431 F.3d 567, 571 (7th Cir. 2005). As such, ruling on the grave risk defense is a necessarily fact-intensive inquiry for the Court. *See Guerrero v. Oliveros*, 119 F.

4

Supp. 3d 894, 912 (N.D. Ill. 2015) ("To establish the grave risk defense on this basis, there must be evidence that the child will be exposed to frequent and serious domestic abuse."); *Van de Sande v. Van de Sande*, No. 05-CV-1182, 2008 WL 239150, at *10–11 (N.D. Ill. Jan. 29, 2008) (finding that, on remand from the Seventh Circuit, the respondent established the grave risk defense where she presented multiple affidavits detailing an extensive history of serous abuse and the court had no reason to question the respondent's version of events).

Along the same lines, the Hague Convention does not specify at what age a child can be considered sufficiently mature to have his or her views taken into account under the mature child defense. *See* Hague Convention, art. 13 ("The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views."). The application of the mature child defense relies on the district court's determination of the child's maturity, which again necessitates that the parties have the opportunity to develop a complete factual record upon which the Court may render an opinion. *See Simcox v. Simcox*, 511 F.3d 594, 604 (6th Cir. 2007) ("Whether a child is mature enough to have its views considered is a factual finding, and as such, the district court is entitled to deference."). Because both affirmative defenses are extremely fact-intensive, Petitioner's Motion to Expedite plainly limits and inhibits Respondent from exploring and ultimately defending against Petitioner's Hague claims.

Last, the Court is still bound by its obligations under Federal Rule of Civil Procedure 52 in a proceeding under the Hague Convention. *See Khan v. Fatima*, 630 F.3d 781, 788 (7th Cir. 2012) (holding that an order granting or denying a petition must be supported by findings of fact on key issues). Thus, the serious and complex nature of the allegations at issue justify granting sufficient time for the parties to engage in discovery and for the Court to render its decision supported by

5

findings of fact on key issues. Respondent respectfully requests that the Court deny Petitioner's Motion to Expedite and allow this case to proceed under a reasonable scheduling order. In addition, Respondent further requests that any court conferences, inclusive of hearings, be held in-person in the Western District of Wisconsin in its usual course.

**II.     Petitioner's Requested Jurisdiction Prohibition and Surrendering of Passports Is Severe and Unnecessary.**

Petitioner's Motion to Expedite has failed to satisfy the evidentiary standard for preliminary injunctive relief and is abusive, severe, and unnecessary. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015) (citing *Goodman v. Ill. Dep't of Fin. and Prof'l Regul.*, 430 F.3d 432, 437 (7th Cir. 2005)). To secure a preliminary injunction, the movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Here, Petitioner has failed to allege or establish *any* of the elements required to secure a preliminary injunction. Petitioner requests that the Court enter a Show Cause Order prohibiting Respondent from removing the minor children from the Court's jurisdiction and requiring Respondent to surrender any passports, identity cards, visas, and other travel documents for the children. (ECF No. 3.) Petitioner has not presented any evidence whatsoever suggesting that Respondent is likely to flee from Wisconsin, her home state, where she and her family have lived for decades, taking her children with her in the absence of a temporary restraining order. (ECF No. 1, ¶ 11, 19; ECF No. 6, ¶ 3-4, 7, 13 – Respondent's mother, two sisters and two brothers live in Wisconsin.) In fact, Petitioner admits in his Petition that Respondent and her children have

been living in Wisconsin for over eight months and have not been located anywhere else since. (ECF No. 1, ¶ 9-12.) Petitioner gives no inclination in either his Petition or Motion to Expedite to suggest that Respondent and her daughters would go anywhere but where she currently resides, Wisconsin. (*Id.* ¶ 17.) Instead, Petitioner seeks to continue to exert abusive control over Respondent, this time under the guise of a court order. Thus, the Court should deny Petitioner's request for a preliminary injunction prohibiting the removal of the minor children from the Court's jurisdiction and requiring the surrender of any passports, identity cards, visas, and other travel documents for the minor children.

## CONCLUSION

For the reasons stated herein, Respondent respectfully requests that the Court deny Petitioner's Motion to Expedite and For Issuance of Show Cause Order. Furthermore, Respondent respectfully requests that the photographs of the minor children at ECF No. 1-2, pages 46 of 50 through 49 of 50 (YA000060-63), be sealed.

**Dated: January 17, 2025**

          */s/ Mark A. Bradford*
          Mark A. Bradford
          (MABradford@duanemorris.com)
          Tiffany E. Alberty
          (TEAlberty@duanemorris.com)
          Bernadette M. Coyle
          (BCoyle@duanemorris.com)
          DUANE MORRIS LLP
          190 South LaSalle Street, Suite 3700
          Chicago, Illinois 60603-3433
          Telephone:   +1 312 499 6700
          Facsimile:    +1 312 499 6701

          Attorneys for Respondent