IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| YVES AUBERT,<br><br>   Petitioner,<br><br>v.<br><br>LAURIE LEE POAST,<br><br>   Respondent. | Civil Action No. 3:24-CV-00926<br><br>Judge James D. Peterson |

**Respondent Laurie Lee Poast's
Response to Petitioner's Brief on Norwegian Case Law**

Mark A. Bradford
Tiffany E. Alberty
Bernadette M. Coyle
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Fax: (312) 284-1064
MBradford@duanemorris.com
TEAlberty@duanemorris.com
BCoyle@duanemorris.com

Jessica Santacroce
**DUANE MORRIS LLP**
200 Campus Drive, Suite 300
Florham Park, NJ 07932-1007
Telephone: (973) 424-2052
Fax: (973) 424-2001
JSantacroce@duanemorris.com
***Attorneys for Respondent***

Respondent Laurie Lee Poast ("Ms. Poast") has sole parental responsibility for APA. *E.g.,* Trial Exhibit 525. Petitioner Yves Aubert ("Dr. Aubert") does not have *ne exeat* rights or rights of custody as to APA under Norwegian law. (ECF No. 30 at 7-8; ECF No. 38 at 3-8; ECF No. 59 at 8-11; ECF No. 64 at 1-5).[1] As such, Dr. Aubert has not, and cannot, establish a *prima facie* case as to APA under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. § 9001, *et seq.* ("ICARA"). Accordingly, his claim as to APA fails.

I.  **RT-2011-1564 Is Jurisdictional in Nature and Does Not Answer the Hague Convention Question before This Court.**

RT-2011-1564 is a jurisdictional decision, not a Hague Convention or *ne exeat rights* case. It addresses "the question of whether a violation of the right to notify under the Children Act should mean that Norwegian courts continued to retain jurisdiction in the case after a person with sole parental responsibility had moved abroad with the child without notifying the person entitles to access." (TOSL-2023-85673, ECF No. 90-5, at page 8 of 10 (discussing RT-2011-1564, calling the case by its parallel citation HR-2011-2229-A). Dr. Aubert cites and relies on paragraphs 34-43 of RT-2011-1564. (ECF No. 91 at ¶¶ 3, 4, 5). His cited paragraphs fall squarely in the part of the decision which addresses jurisdiction. (RT-2011-1564, ECF No. 90-1, at ¶¶ 26-43).

---

[1] Ms. Poast incorporates the points and authorities set forth in her prior briefing here by reference.

1

Whether Norwegian courts may or may not have jurisdiction misses the point. That a court of review considers jurisdiction as a gateway matter, as courts do throughout every stage of a proceeding, says nothing about the merits of the case. Compare *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020); *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009); *Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999) and (RT-2011-1564, ECF No. 90-1, at ¶¶ 25, 27, 30, 38); (TOSL-2023-85673, ECF No. 90-5, at page 9 of 10). This is true even if jurisdictional and merits questions and legal issues may be intertwined or overlap. *Perry v. Merit Sys Protection Bd.*, 582 U.S. 420, 435 (2017); *see also Cossio v. Air Force Court of Criminal Appeals*, 129 F.4th 1013, 1021 n. 3 (7th Cir. 2025) (discussing distinctions between jurisdictional and merits questions). Jurisdiction is just "[t]he power to hear and determine a cause". *Martin v. Luther*, 689 F.2d 109, 114 (7th Cir. 1982) (quoting *United States v. Fernando de La Maza Arrendondo*, 31 U.S. 691 (1832)). Jurisdiction does not itself confer or create any substantive rights. *E.g. United States v. Mitchell*, 445 U.S. 535, 538-39 (1980).

Whether Norwegian courts retained or may have jurisdiction over APA is not the question before this Court. That the courts of Norway, the United States, and Wisconsin, as independent sovereigns, might have concurrent jurisdiction is unremarkable and immaterial to the substantive question at hand, *i.e.* whether Dr. Aubert had *ne exeat rights* or rights of custody over APA. *Ingersoll Mill. Mach. Co. v. Granger*, 833 F.2d 680, 684 (7th Cir. 1987); *The Estrella*, 102 F.3d 736, 737 (3d Cir.

2

1938); *Teague v. Bad River Band of Lake Superior Tribe of Chippewa Indians*, 2000 WI 79 ¶¶ 29-32.

Beyond its jurisdictional nature, RT-2011-1564 is facially distinguishable on its facts. In RT-2011-1564, the mother and daughter moved to Australia without telling the petitioning father. In the case before this Court, Ms. Poast asked for and obtained Dr. Aubert's consent to travel with LPA and APA to Wisconsin. Dr. Aubert consented fully knowing Ms. Poast's and the minor's United States citizenship and concomitant, precarious non-citizen status in Norway. When Ms. Poast and the minors were denied access to board their return flight because they could not enter the Schengen area, she let Dr. Aubert know. Ms. Poast then let Dr. Aubert know that she and the minors would not be returning. The jurisdictional (and substantive legal) question presented by foreign nationals (*e.g.* United States citizens) denied return to Norway, who then decide to remain at home in their country of citizenship, presents an entirely different jurisdictional question than the Norwegian mother in RT-2011-1564 who *unilaterally* moved to Australia without giving notice to the minor's father after the mother married an Australian citizen. For these reasons, RT-2011-1564, to the extent relevant, is distinguishable on the jurisdictional point, and if anything, supports Ms. Poast's position on the merits.

## II. Norwegian Case Law Establishes that Dr. Aubert Did Not Have *Ne Exeat* Rights or Other Rights of Custody as to APA.

As a matter of substantive Norwegian law, RT-2011-1564 does not use the term *ne exeat rights* and certainly does not hold that the petitioning father, who did not share in parental responsibility, had *ne exeat rights* or anything akin thereto. Rather,

3

the Supreme Court of Norway, after engaging in a lengthy discussion about jurisdiction (Paragraphs 25 – 43), made short work of the petitioning father's substantive claim (Paragraphs 44 – 49) and affirmed the intermediate court of appeal's decision which held that the father did not share in the child's parental responsibility, such that the mother and daughter were free to have left Norway and remain in Australia. That is the right to leave the country; the exact opposite of a *ne exeat* right. RT-2011-1564 again shows that jurisdiction is different than the merits, *i.e.*, the act of failing to give notice may have given the court a basis to retain jurisdiction but did not alter the petitioning father's substantive rights.

The Supreme Court of Norway's discussion of parental responsibility in Paragraph 48 is illuminating (emphasis added):

> In Rt-2003-35, paragraph 33, it is assumed that the rule in the event of a breakdown of cohabitation is joint parental responsibility unless special reasons indicate that one of the parents should have sole parental responsibility. However, the statement must be read in light of the fact that **the parents in that case had been married** and had joint parental responsibility, and that they had both lived together with the child until the break-up, see paragraphs 2 and 31. The fact that **a similarly clear starting point cannot be established where there has never been any cohabitation** between the parties follow from Rt-2010-216, paragraph 47. In my view, **this must also be the case when a cohabitation relationship has ceased before the child was born, as in the present case**. Accordingly, the Court of appeal has based its decision on the correct interpretation of the law when it made an overall assessment of what is in the best interests of the child without taking a general rule on joint parental responsibility as its starting point.

4

Here, it is undisputed that Dr. Aubert and Ms. Poast ceased cohabitating before APA was born and were not cohabitating at the time of APA's birth. For this reason, Ms. Poast has sole parental responsibility over APA under the Children Act, and Dr. Aubert has no parental responsibility as to APA. This point is not only conceded by Dr. Aubert, but is also confirmed both by the plain language of Paragraph 42 of the Children Act as well as the subsequent Norwegian cases that followed RT-2011-1564. According to Paragraph 48 of RT-2011-1564, the starting point of the analysis is not shared parental responsibility, but sole parental responsibility, since Dr. Aubert and Ms. Poast were not cohabitating at the time of APA's birth.

RT-2011-1564 is the oldest of the five Norwegian cases. It is cited and discussed in three of the cases that Ms. Poast previously submitted: HR-2011-2244-A-Rt-2011-1572 at ¶ 32 (ECF No. 90-2), HR-2020-1843-A at ¶ 59 (ECF No. 90-4), and TOSL-2023-85673 at page 8 of 10 (ECF No. 90-5).[2] Against this background, Dr. Aubert's argument that RT-2011-1564 "is the only one of the five cases submitted that is relevant to the issue of the Father's article *5a* rights of custody to the younger

---

[2] RT-2011-1564 has a parallel citation of HR-2011-2229-A. Halvor Frihagen testified at the evidentiary hearing that the Supreme Court of Norway adopted a new numbering system. Mr. Frihagen testified that he preferred to use the older RT numbering system, over the newer HR numbering system, on transitional cases where both numbers are available. RT is an abbreviation to the no-longer-published print version of *Norsk Retstidende*, a case reporter that went electronic only in 2016. Rebecca J. Five, *Legal Research in Norway*, at § 2.3 (Sept./Oct. 2020), *available at*, https://www.nyulawglobal.org/globalex/Norway1.html (last visited June 6, 2025). HR is the abbreviation for the parallel citation to the newer electronic format of case citation.

5

child under Norwegian law" is facially incorrect and does not hold water. (ECF No. 91 at ¶ 2).

The Oslo District Court analyzed RT-2011-1564 (referred to by the Oslo District Court by its HR number HR-2011-2229-A) and rejected the argument that Dr. Aubert advances. Specifically, the Oslo District Court held that "[t]he decision [RT-2011-1564] concerned the question of jurisdiction, *i.e.* the question of whether the child could still be considered to have a permanent residence in Norway, so that the Norwegian courts were competent to make a decision in the case." (TOSL-2023-85673, ECF No. 90-5, at page 9 of 10). The Oslo District Court continued that "the decision [again RT-2011-1564] does not discuss how the question of jurisdiction related to the Hague Convention's autonomous concept of 'rights of custody' or the question of whether the move to Australia would have been considered unlawful child abduction under the Hague Convention due to a breach of the duty to notify." (*Id.* (emphasis in original)). The Oslo District Court considered United States Hague Convention decisions, including the Supreme Court's decision in *Abott v. Abott*, 560 U.S. 1 (2010), along with German and Swiss Hague Convention decisions before holding "that a breach of the duty to notify cannot be considered sufficient to give the non-custodial parent 'rights of custody' under the 1980 Hague Convention." (*Id.* at pages 8-9 of 10). The Oslo District Court's decision is the type of independent judicial interpretation of Norwegian statutory and case law that the Seventh Circuit instructs "is more likely to be accurate" than the declaration of a retained legal expert. *Bodum USA, Inc. v. La Cafetiere, Inc.*, 621 F.3d 624, 630-31 (7th Cir. 2010).

6

*HR*-2011-2244-A-Rt-2011-1572 (ECF No. 90-2), a decision that was published two days after RT-2011-1564, should be read alongside RT-2011-1564 as the two cases are bookends that go together. Paragraph 33 of RT-2011-1564 states "[w]hen one of the parents has sole parental responsibility, the other parent cannot object to the child moving out of the country, see section 40, first paragraph, first sentence of the Children Act." In turn, Paragraph 12 of HR-2011-2244-A-Rt-2011-1572 recognizes that "[i]f the father is granted parental responsibility, she [the mother] cannot move abroad with the children without his consent, cf. the Children Act, section 40, first paragraph, second sentence." (HR-2011-2244-A-Rt-2011-1572, ECF No. 90-2, at ¶ 12). Taken together, the two cases establish that a parent like Ms. Poast who has sole parental responsibility may move abroad without the other parent's consent. As a matter of Norwegian law, Dr. Aubert has no *ne exeat rights* and no rights of custody as to APA.[3]

## CONCLUSION

Dr. Aubert argues that "a return order resets the status quo in Norway", but given the statutes and case law, he is wrong. (ECF No. 91 at ¶ 9). The status quo, as established by the Children Act and case authorities, is that Ms. Poast has sole parental responsibility under Norwegian law. That means she decides where she and APA live. The choice is hers and hers alone under the Children Act. Ms. Poast was

---

[3] HR-2011-2244-A-Rt-2011-1572 concerned a couple that did not cohabitate but had a "somewhat irregular" relationship where the mother and father were part of each other's lives and the father "spent the night" at the mother's house. (HR-2011-2244-A-Rt-2011-1572, ECF No. 90-2, at ¶ 2). That makes HR-2011-2244-A-Rt-2011-1572 much more akin to the facts pertaining to APA than RT_2011-1564.

not barred from leaving Bergen and has the right to decline to return to Bergen, or more broadly Norway. Dr. Aubert's inability to offer a tenable response to TOSL-2023-85673 speaks volumes.

*   *   *

There is a known song which includes the refrain: "But time makes you bolder; even children get older".[4] For all its faults, the Children Act recognizes what the song says. Children get older, and time delivers most to a place of self-determination. Until that time, however the Children Act recognizes the proverbial regency of parental responsibility, *i.e.* that someone must be in control, even if control ultimately is a fleeting notion – which really puts a fine point on this case and the question of Norwegian law at hand. This is and always has been a case about control, here, ostensibly about a child. While the Storting (Norway's legislature) could not have foreseen the exact case before this Court, in enacting the Children Act, it understood the problems that control may engender and drew the line between shared control and singular control between parents who cohabitated at birth and parents who did not. That is Norwegian law and is reflected in the five Norwegian cases that the parties briefed.

Dr. Aubert does not have *ne exeat rights* or rights of custody such that his Hague Convention claim fails and should be dismissed with prejudice as to APA.

---

[4] Landslide, as originally recorded and released by Fleetwood Mac. https://genius.com/Fleetwood-mac-landslide-lyrics (last visited June 6, 2025).

Dated: June 6, 2025                  Respectfully submitted,

*/s/ Mark A. Bradford*
Mark A. Bradford
Tiffany E. Alberty
Bernadette M. Coyle
**DUANE MORRIS LLP**
190 South LaSalle Street
Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Fax: (312) 284-1064
MBradford@duanemorris.com
TEAlberty@duanemorris.com
BCoyle@duanemorris.com

Jessica Santacroce
**DUANE MORRIS LLP**
200 Campus Drive
Suite 300
Florham Park, NJ 07932-1007
Telephone: (973) 424-2052
Fax: (973) 424-2001
JSantacroce@duanemorris.com

***Attorneys for Respondent***

9

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 6, 2025, the foregoing document was electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ *Mark A. Bradford*