IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YVES AUBERT,

                        Petitioner,

v.                                                    OPINION and ORDER

LAURIE LEE POAST,                             24-cv-926-jdp

                        Respondent.

---

      Petitioner Yves Aubert brought this case under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (ICARA), seeking the return of his two minor children to Norway. In a previous order, this court declined to return the children, concluding that Aubert lacked custody rights over the younger child, APA, and that the older child, LPA, would suffer a grave risk of psychological harm if she were separated from her sister. Dkt. 96. The clerk of court subsequently entered judgment in favor of respondent Laurie Poast. Dkt. 97. Aubert has appealed this court's order denying return to the Court of Appeals for the Seventh Circuit. Dkt. 98.

      Aubert now moves for continuation of provisional remedies that this court previously granted him under 22 U.S.C. § 9004(a), which allowed him weekly visits with the children during the pendency of the case. Aubert contends that even though the case is on appeal, the court retains jurisdiction to order temporary visitation because that issue is ancillary to the issues on appeal. Dkt. 105, at 3 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Poast opposes the continuation of provisional remedies, for two reasons: (1) the court lacks authority to issue provisional remedies while the case is on appeal; and (2)

provisional remedies are no longer warranted in light of the court's decision not to return the children.

The court would support Aubert's request for visitation on the merits. After hearing the evidence, the court did not find a grave risk that Aubert would be physically violent or emotionally abusive toward the children. Dkt. 96, at 12. The evidence did suggest that Poast had spoken negatively about Aubert in the children's presence, denied him access to them, and otherwise influenced the children's feelings about him. *See, e.g.,* Dkt. 59-4 (expert report of child psychologist Peter Favaro). Psychologists who have observed Aubert's visits with the children both before they left Norway and during the pendency of this case have reported consistently positive interactions between Aubert and the children. Dkt. 45-7 and Dkt. 105-1. The court believes that continued visitation would be in the children's best interest because it would allow the children to re-develop their relationship with their father while the courts determine the appropriate forum for the parties' custody dispute.

Nevertheless, the court must deny Aubert's motion because it agrees with Poast that it lacks authority to issue provisional remedies. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. During the appeal of a final judgment, district courts possess jurisdiction over only limited ancillary issues unrelated to the merits of the case, such as issues related to attorney fees, costs, and the registration of judgments. *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995).

Aubert argues that provisional remedies are an ancillary issue unrelated to the merits of the case, so this court retains jurisdiction over that issue despite the appeal. But even if provisional remedies were an ancillary issue for jurisdictional purposes, the court's lack of

2

jurisdiction over the main part of the case means that it lacks authority under ICARA to issue provisional remedies. ICARA provides that any court "exercising jurisdiction of an action" for return may order provisional remedies to protect the child's well-being or prevent the child's further removal. 22 U.S.C. § 9004(a). But this court has reached a final decision on the action for return, which Aubert has appealed. The appeal divested this court of jurisdiction over the main action, so the court lacks any authority under ICARA to order provisional remedies.

In his briefs, Aubert does not grapple with the "exercising jurisdiction" requirement in § 9004(a). He points out that the Northern District of Illinois recently entered a consent order for visitation in a Hague Convention case while the case was on appeal. *Baz v. Patterson*, No. 23-cv-5017, Dkt. 129, Third Interim Consent Order (N.D. Ill. 2024). But the consent order in *Baz* was entered on the parties' joint request without any reasoning or analysis, so it provides no guidance on the court's authority to enter provisional remedies. Section 9004(a) is clear that a court may order provisional remedies only when it is exercising jurisdiction over the main action for return. Jurisdiction over the action for return in this case has transferred to the court of appeals, so Aubert must direct his request for provisional remedies to that court.

ORDER

IT IS ORDERED that petitioner Yves Aubert's motion for continuing provisional remedies, Dkt. 105, is DENIED.

Entered October 31, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3